JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 23-2601-KK-SHKx** | Date: | March 29, 2024 |
|---|---|---|---|
| Title: | *Florena Fortenberry v. Walmart Inc. et al.* | | |

Present: The Honorable   KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| Noe Ponce | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   **(In Chambers) Order GRANTING Plaintiff's Motion for Leave to Amend the Complaint and Motion to Remand [Dkts. 21, 22]**

## I.
## INTRODUCTION

On March 17, 2023, plaintiff Florena Fortenberry ("Plaintiff") filed a Complaint in San Bernardino Superior Court against defendant Walmart, Inc. ("Defendant"), alleging claims of negligence and premises liability following Plaintiff's slip and fall accident at a Walmart in Colton, California. ECF Docket No. ("Dkt.") 1-1. On December 20, 2023, Defendant filed a Notice of Removal pursuant to 28 U.S.C. § 1441(a). Dkt. 1. On February 26, 2024, Plaintiff filed a (1) Motion for Leave to File a First Amended Complaint ("FAC") to join defendant Cheryl Peetz ("defendant Peetz"), a store manager employed by Defendant, and (2) Motion to Remand the Action to State Court. Dkts. 21, 22.

The Court finds these matters appropriate for resolution without oral argument. See FED. R. CIV. P. 78(b); L.R. 7-15. For the reasons set forth below, Plaintiff's Motion for Leave to File a FAC and Motion to Remand are **GRANTED**.

## II.
## RELEVANT BACKGROUND

On January 23, 2022, Plaintiff, a citizen of California, was inside Walmart located at 1120 South Mt. Vernon Avenue in Colton, California (the "Premises"). Dkt. 1-1 Complaint ("Compl.") at 5; dkt. 1 ¶ 6. While "proceeding with reasonable care," Plaintiff alleges she "encountered [a] dangerous condition" on the floor that "caused [her] to fall" and led to injuries. Id. Plaintiff alleges

the "dangerous condition existed for a sufficient period of time," and that Defendant "should have remedied the condition and/or warned" people of the condition.  Id.  Plaintiff further alleges Defendant had a "duty to maintain the [P]remises in a reasonably safe condition," and Defendant's failure to remedy or warn about the dangerous condition "was negligent."  Id.

Plaintiff additionally alleges defendant "Doe Walmart Store Manager ["Doe Defendant"] . . . failed to comply with [Defendant's] safety policies and procedures, and/or with common law duties . . . with respect to" management of the [P]remises and supervision of employees.  Id.  As a result, Doe Defendant "was independently negligent" and that "negligence was a cause of harm to [Plaintiff]."  Id.

## III.
## PROCEDURAL HISTORY

On March 17, 2023, Plaintiff filed the Complaint in San Bernardino Superior Court alleging two causes of action:

(1) **Cause of Action One**:  General Negligence;
(2) **Cause of Action Two**:  Premises Liability.

Compl. at 5, 6.

On August 9, 2023, Plaintiff served Defendant with the Complaint.  Dkt. 29, Declaration of Alison Yniguez ("Yniguez Decl."), ¶ 3, Ex. B.

On September 8, 2023, Defendant filed an Answer to the Complaint in San Bernardino Superior Court "and propounded initial discovery requests on Plaintiff, as the Complaint was silent on Plaintiff's citizenship or domicile."  Id.; dkt. 24, Declaration of Mark Giannamore ("Giannamore Decl."), ¶ 7, Ex. D.

On November 20, 2023, Plaintiff submitted Responses to Defendant's Requests for Admission and Special Interrogatories in which she admitted (1) she is domiciled in the State of California and had no plans to move out of California; and (2) the alleged damages resulting from the January 23, 2022 fall amounted to more than $75,000.  Yniguez Decl., ¶ 8, Ex. D.

On December 20, 2023, Defendant filed a Notice of Removal pursuant to 28 U.S.C. § 1441(b) based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) "because there is complete diversity as the parties are citizens of different states, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs."  Dkt. 1, ¶ 5.  Plaintiff is a citizen of California, and Defendant is a citizen of Delaware – the state in which it is incorporated – and of Arkansas – the state where it holds its principal place of business.  Id. ¶¶ 6, 7.  Additionally, Plaintiff alleged her damages amount exceed $75,000.  Id. ¶ 10.

On January 3, 2024, Plaintiff discovered defendant Peetz was a store manager at the Premises on the date of the alleged incident, who resides in California.  Dkt. 23, Declaration of Dawn Smith ("Smith Decl."), ¶¶ 1-6.

On January 18, 2023, Plaintiff's counsel asked Defense counsel "whether Defendant would stipulate to remand, as Plaintiff intended to name the manager of the [Premises] as a defendant," but an agreement could not be reached.  Yniguez Decl., ¶ 7.

On February 26, 2024, Plaintiff filed a Motion for leave to file a FAC and to remand the matter to State Court.  Dkts. 21, 22.  Plaintiff seeks to join defendant Peetz.  Dkt. 22.  Plaintiff states she "recently learned that [defendant Peetz] was and currently is the store manager at the Walmart where the subject incident occurred" and that defendant Peetz lives in California.  Giannamore Decl., ¶ 8.

On March 14, 2024, Defendant filed an Opposition arguing removal was proper and that Plaintiff is attempting to fraudulently join defendant Peetz to defeat diversity jurisdiction.  Dkt. 28.

On March 21, 2024, Plaintiff filed a Reply.  Dkt. 31.  The matter thus stands submitted.

## IV.
## LEGAL STANDARD

Under 28 U.S.C. § 1441(a), a civil action may be removed from state to federal court if the action is one over which federal courts could exercise original jurisdiction.  When removing a case under diversity jurisdiction, the defendant must establish (1) complete diversity among the parties, and (2) an amount in controversy over $75,000.  28 U.S.C. § 1332; see Chavez v. JPMorgan Chase & Co., 888 F.3d 413, 415 (9th Cir. 2018).  "A defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability."  Luther v. Countrywide Home Loans Servicing LP, 533 F.3d 1031, 1034 (9th Cir. 2008); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (holding the removal statute is "strictly construe[d] . . . against removal jurisdiction").

Under 28 U.S.C. § 1447(e), "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."  Additionally, "the decision regarding joinder of a diversity destroying-defendant is left to the discretion of the district court . . . ."  Newcombe v. Adolf Coors Co., 157 F.3d 686, 691 (9th Cir. 1998).

## V.
## DISCUSSION

### A.   PLAINTIFF'S MOTION FOR LEAVE TO AMEND UNDER FEDERAL RULE OF CIVIL PROCEDURE 15 IS CONSTRUED AS A REQUEST FOR JOINDER UNDER 28 U.S.C. § 1447(e)

Under Federal Rule of Civil Procedure 15(a) ("Rule 15(a)"), "a party may amend its pleadings only with the opposing party's written consent or the court's leave," and the Court should freely give leave when justice so requires."  However, when a plaintiff seeks leave to amend "to add a diversity-destroying party following removal, the amendment cannot be presumed appropriate and the logic and policy of Rule 15(a) do not apply."  Khachunts v. Gen. Insurnace Co. of Am., No. 2-22-CV-09325-SPG-KSx, 2023 WL 4554103, at *2 (C.D. Cal. July 14, 2023) (quoting Clinco v. Roberts, 41 F. Supp. 2d 1080, 1088 (C.D. Cal. 1999)) (internal quotation marks omitted).

In cases where a plaintiff seeks to join a nondiverse defendant under Rule 15(a) after removal and then seeks remand, courts have construed the request to amend as a request to join a non-diverse defendant under 28 U.S.C. § 1447(e) ("Section 1447(e)").  See e.g., Doyle v. Gen. Motors LLC, No. CV 19-10781-CJC-SSx, 2020 WL 915887, at *1 (C.D. Cal. Feb. 25, 2020) (construing motion to remand as a request for leave to add nondiverse defendant under Section 1447(e)); Martinez v. FCA US LLC, No. 2:19-cv-08097-SVW-Ex, 2020 WL 223608, at *2 (C.D. Cal. Jan. 15, 2020) (same); Marroquin v. Target Corp., No. LACV-19-00341-JAK-SSx, 2019 WL 2005793, at *4-5 (C.D. Cal. May 7, 2019) (finding "it is the majority view among district courts within the Ninth Circuit" that "the standards of 28 U.S.C. § 1447(e) apply" to requests to amend to add a non-diverse defendant).

Here, Plaintiff is seeking leave to amend the Complaint after removal to add defendant Peetz.  The parties do not dispute defendant Peetz is a California resident, whose addition to the case will destroy diversity jurisdiction.[1]  Thus, Plaintiff's Motion for leave to amend the Complaint will be construed as a request to join a nondiverse defendant under Section 1447(e).

### B.   JOINDER OF DEFENDANT PEETZ IS PROPER UNDER 28 U.S.C. § 1447(e)

Permitting joinder of a party that will destroy diversity jurisdiction under Section 1447(e) remains in the sound discretion of the district court.  See Newcombe, 157 F.3d at 691.  In exercising this discretion, courts typically consider six factors: "(1) whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff."  Walker v. Glob. Mail, Inc., No. CV-21-6546-DMG-SHKx, 2021 WL 4594024, at *2 (C.D. Cal. Oct. 6, 2021); Clinco, 41 F. Supp. 2d at 1082. (internal brackets omitted).  "A court need not consider all the issues, as any factor can be decisive, and no one of them is a necessary condition for joinder."

---

[1] In opposing Plaintiff's Motions, Defendant argues Plaintiff fraudulently joined defendant Peetz and that Plaintiff's "motion is brought in bad faith and for the sole purpose of defeating diversity jurisdiction."  Dkt. 28 at 7.  The Court finds the proper analysis for Plaintiff's request to add a non-diverse defendant is under Section 1447(e).  See Orlov v. Gen. Ins. Co. of Am., No. 2:21-CV-09848-SVW-JCx, 2022 WL 2102999, at *2 n.2 (C.D. Cal. Mar. 16, 2022) ("[C]ourts have generally concluded that the fraudulent joinder doctrine applies only at the time of removal – where the 'sham' defendant was already joined in the state court action – not when the plaintiff seeks to add the defendant after removal.") (emphasis in original).  However, even if a fraudulent joinder analysis was conducted, bad faith is not part of the analysis.  There are two ways to establish fraudulent joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."  Hunter v. Philip Morris USA, 582 F.3d 1039, 1044 (9th Cir. 2009).  Here, Defendant has not presented any evidence for the Court to find "actual fraud" in Plaintiff's claims, and, as discussed in Section V.B.5, it appears Plaintiff has stated a cause of action against defendant Peetz under California law.  Hamilton Materials, Inc. v. Dow Chem. Corp., 494 F.3d 1203, 1206 (9th Cir. 2007) ("Fraudulent joinder must be proven by clear and convincing evidence.").

Leyba v. Walmart, Inc., No. 2:20-cv-07604-ODW-Ex, 2021 WL 8893640, at *2 (C.D. Cal. Feb. 2, 2021).  Here, considering the six factors, joinder of defendant Peetz is warranted.

    **1.**    **Necessary Party Under Rule 19(a)**

        **a.**    **Applicable Law**

Federal Rule of Civil Procedure 19(a) ("Rule 19(a)") requires joinder of persons if: (1) "in [their] absence, the court cannot accord complete relief among existing parties"; (2) the person "has an interest in the action and resolving the action in [their] absence may as a practical matter impair or impede [their] ability to protect that interest"; and (3) the person "has an interest in the action and resolving the action in [their] absence may leave an existing party subject to inconsistent obligations because of that interest." Salt River Project Agr. Imp. & Power Dist. v. Lee, 672 F.3d 1176, 1179 (9th Cir. 2012) (citing FED. R. CIV. P. 19(a)).

While courts consider the standard under Rule 19(a) to determine whether to permit joinder under section 1447(e), "amendment under § 1447(e) is a less restrictive standard than for joinder under Rule 19." Krantz v. Bloomberg L.P., No. 2:21-CV-06275-AB-RAOx, 2022 WL 2101913, at *4 (C.D. Cal. Feb. 3, 2022) (quoting IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V., 125 F. Supp. 2d 1008, 1012 (N.D. Cal. 2000)) (internal brackets omitted).  "Courts disallow joinder of non-diverse defendants where those defendants are only tangentially related to the cause of action or would not prevent complete relief." IBC Aviation Servs., Inc., 125 F. Supp. 2d at 1012.  "The language of § 1447(e) is couched in permissive terms and it clearly gives the district court the discretion to deny joinder." Newcombe, 157 F.3d at 691.

        **b.**    **Analysis**

Here, defendant Peetz is more than "tangentially related to the cause of action." IBC Aviation Servs., Inc., 125 F. Supp. 2d at 1012.  Plaintiff alleges, and Defendant does not appear to contest, that defendant Peetz was the store manager of the Premises where Plaintiff's fall took place in January 2022.  Compl. at 5.  Plaintiff alleges the store manager "failed to comply with [Defendant's] safety policies and procedures, and/or with common law duties . . .with respect to his or her management of the premises and his or her supervision of [Defendant's] employees" and that the store manager's negligence caused Plaintiff's harm.  Id.

Based on these allegations, defendant Peetz is substantially involved in the causes of action.  See Leroy W. v. Costco Wholesale Corp., No. LACV-20-04265-JAK-FFMx, 2020 WL 7023777, at *5 (C.D. Cal. Nov. 30, 2020) (finding in a negligence and premises liability claim against defendant Costco and its store manager, plaintiff's claims "are not just 'tangentially related' to those he brought against Costco[,] . . . [t]hey overlap entirely[,]" and thus, failure to join the store manager "could result in a subsequent Superior Court action based on the same or similar factual and legal issues"); Trujillo v. Target Corp., No. 17-CV-06429-VAP-GJSx, 2017 WL 4864490, at *2 (C.D. Cal. Oct. 26, 2017) (finding this factor weighed in favor of permitting joinder of the diversity-destroying defendant in a negligence action for a slip and fall where the diversity-destroying defendant was the store manager who had a "high degree of involvement . . . in the occurrences that gave rise to [Plaintiff's] cause of action").  Hence, this factor weighs in favor of joinder.

    **2.**    **Statute of Limitations**

Under this factor, courts consider "whether the statute of limitations would prevent the filing of a new action against the new defendants should the Court deny joinder." Sagrerò v. Bergen Shippers Corp., No. 2:22-CV-04535-SPG-RAOx, 2022 WL 4397527, at *3 (C.D. Cal. Sept. 23, 2022); Yang v. Swissport USA, Inc., No. C 09-03823-SI, 2010 WL 2680800, at *4 (N.D. Cal. July 6, 2010) ("Generally, if a statute of limitations does not bar a plaintiff from filing suit in state court, a federal court may be less inclined to permit joinder of a non-diverse defendant because the plaintiff could still theoretically seek relief from state court."). In California, a plaintiff has two years from the date of the "injury . . . caused by the . . . neglect of another" to file a complaint. Cal. Civ. Proc. Code § 335.1. Here, the alleged slip and fall occurred on January 23, 2022. Compl. at 5. Thus, the statute of limitations, absent any tolling, bars any claim as of January 23, 2024. Hence, this factor weighs in favor of joinder.

### 3. Unexplained Delay

"When determining whether to allow amendment to add a nondiverse party, courts consider whether the amendment was attempted in a timely fashion." Clinco, 41 F. Supp. 2d at 1083. "While there is no bright line rule as to what qualifies as timely, courts consider the amount of time that has lapsed since removal, the progress of the case, and how much time has passed since opposing counsel refused to stipulate to any proposed amendment." Khachunts, 2023 WL 4554103, at *3.

Here, Plaintiff fails to provide an adequate explanation for the delay in attempting to discover defendant Peetz's identity and seeking leave to amend. Plaintiff named the store manager as a Doe Defendant in the Complaint, yet it appears Plaintiff did not take any steps towards attempting to discover defendant Peetz's identity until January 3, 2024. See Smith Decl., ¶¶ 1-6. Additionally, Plaintiff did not provide any explanation for the delay in seeking leave to amend until January 18, 2023[2] – almost one month after Defendant removed the action to federal court, and approximately six months after Plaintiff served Defendant with the Complaint. See Giannamore Decl., ¶¶ 4-8.

While Plaintiff fails to provide an explanation, Plaintiff cites to case law that suggests a motion to join a non-diverse defendant has been found timely under Section 1447(e) where, among other facts, "no dispositive motion ha[s] been filed." Yang, 2010 WL 2680800, at *4. Even considering this fact, Plaintiff still does not provide any explanation why the facts raised by the amendment, specifically defendant Peetz's identity, could not have been discovered earlier. See Jackson v. Bank of Hawaii, 902 F.2d 1385, 1388 (9th Cir. 1990) ("Relevant to evaluating the delay issue is whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading."). Hence, this factor weighs against joinder.

### 4. Plaintiff's Intent to Seek Joinder

#### a. Applicable Law

---

[2] On January 18, 2023, Plaintiff's counsel spoke to Defense counsel inquiring "whether Defendant would stipulate to remand, as Plaintiff intended to name the manager of the Subject Store as a defendant." Yniguez Decl., ¶ 7.

Under this factor, courts examine "the motive of a plaintiff in seeking the joinder of an additional defendant[.]" Desert Empire Bank v. Ins. Co. of N. America, 623 F.2d 1371, 1376 (9th Cir. 1980). "The issue is often framed in terms of whether the sole purpose of seeking to join the non-diverse defendant is to defeat diversity jurisdiction." Murphy v. Am. Gen. Life Ins. Co., 74 F. Supp. 3d 1267, 1285 (C.D. Cal. 2015). Courts will also examine the following additional factors to help consider a plaintiff's motive: "1) whether the plaintiff was aware of removal when the plaintiff amended her complaint; 2) whether the proposed amended complaint contains only minor or insignificant changes to the original complaint; 3) whether a plaintiff has provided an explanation for why the plaintiff waited to assert claims against the non-diverse defendant; and 4) whether the plaintiff has asserted a facially valid claim against a proposed defendant." Khachunts, 2023 WL 4554103, at *4 (quoting Quesada v. Atrium Hosp. LP, No. 2:22-CV-06143-SVW-MAAx, 2023 WL 1861213, at *7 (C.D. Cal. Feb. 9, 2023)).

### b. Analysis

Here, Plaintiff's intent to seek joinder appears to be a neutral factor. While Plaintiff was aware of removal when seeking leave to amend the Complaint and failed to provide any explanation for the delay in naming defendant Peetz, see Giannamore Decl., ¶¶ 5, 8, Plaintiff intended to bring these claims – the validity of which is discussed in the next section – against the store manager since the start of the case as evidenced by the naming of the Doe Defendant and specific allegations regarding Doe Defendant's role in the instant case. See Compl. at 5. In light of these facts, the Court finds this factor is neutral. See also Malijen v. Ford Motor Co., No. EDCV-20-1217-JGB-KKx, 2020 WL 5934298, at *3 (C.D. Cal. Aug. 20, 2020) ("[S]uspicion of amendment for the purpose of destroying diversity is not an important factor in this analysis, as section 1447(e) gives courts flexibility in determining how to handle addition of diversity-destroying defendants.").

### 5. Validity of Claims Against Defendant Peetz

"The existence of a facially valid claim against the putative defendant weighs in favor of permitting joinder under section 1447(e)." Khachunts, 2023 WL 4554103, at *4 (C.D. Cal. July 14, 2023). A claim is facially valid if it "seems valid, which is a lower standard than what is required to survive a motion to dismiss or motion for summary judgment." Prudenciano Flores v. Nissan N. Am., Inc., No. CV 21-09411-RSWL-PDx, 2022 WL 1469424, at *4 (C.D. Cal. May 9, 2022).

Here, Plaintiff's claims of negligence and premises liability against defendant Peetz are facially valid, and Defendant does not appear to contest otherwise. See dkt. 28 at 5-8. Under California law, the elements for Plaintiff's negligence and premises liability claims are: "a legal duty of care, breach of that duty, and proximate cause resulting in injury." Kesner v. Superior Court, 1 Cal. 5th 1132, 1158 (2016). Plaintiff alleges both Defendant and defendant Peetz breached the duty to keep the Premises in a reasonably safe condition, thereby causing Plaintiff's injury. Compl. at 5. Thus, Plaintiff's claims are facially valid. Gallegos v. Costco Wholesale Corp., No. CV-20-3250-DMG-GJSx, 2020 WL 2945514, at *3 (C.D. Cal. June 2, 2020) (finding plaintiff's negligence and premises liability claims against defendant Costco and its store manager are valid under California law); Leroy W., 2020 WL 7023777, at *5 (same); Trujillo, 2017 WL 4864490, at *2 (same). Hence, this factor weighs in favor of joinder.

### 6. Prejudice to Plaintiff

"Prejudice to a plaintiff is shown where denying amendment would force the plaintiff to choose between: (1) engaging in redundant litigation in state court arising out of the same facts and involving the same legal issues; or (2) foregoing its potential claims against the to-be-added party." Serrano v. Garfield Beach CVS, LLC, No. EDCV-17-00506-BRO-DTBx, 2017 WL 8220439, at *5 (C.D. Cal. July 6, 2017).

Here, absent joinder, it appears Plaintiff would be forced to forego its claims against defendant Peetz entirely, in light of the statute of limitations bar. Additionally, Defendant fails to identify any reason it would be prejudiced by remanding the action to state court. See dkt. 28 at 5-8; cf. Quesada, No. 2:22-CV-06-143-SVW-MAAx, 2023 WL 1861213, at *7 (C.D. Cal. Feb. 9, 2023) (finding that allowing joinder would "prejudice Defendant since discovery has already begun and Defendant ha[s]submitted a pending motion for summary judgment"). Hence, this factor weighs in favor of joinder.

\* \* \*

Considering the six factors outlined above, the Court finds joinder warranted in this case. Accordingly, Plaintiff's Motion for Leave to Amend the Complaint to add defendant Peetz is **GRANTED**.

C.      **THE MOTION TO REMAND IS GRANTED**

Complete diversity requires "each plaintiff must be of a different citizenship from each defendant." Grancare, LLC v. Thrower by & through Mills, 889 F.3d 543, 548 (9th Cir. 2018) (citing Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996)). "Remand is mandatory if the district court allows the joinder of a non-diverse party under § 1447(e)." Edmond v. Kindred Healthcare Operating Inc., No. CV-16-6734-PSG, 2016 WL 7176566, at *3 (C.D. Cal. Dec. 8, 2016).

Here, although the matter was originally properly removed, joining defendant Peetz to the action destroys complete diversity. Thus, this Court no longer has subject matter jurisdiction over the matter. Notably, Defendant does not contest joining defendant Peetz would destroy complete diversity and require this matter to be remanded. Accordingly, remand is mandatory, and Plaintiff's Motion to Remand is, therefore, **GRANTED**.

///

///

///

///

# VI.
# CONCLUSION

For the reasons set forth above, the Motion for Leave to Amend the Complaint is **GRANTED**. Thus, the FAC, adding Cheryl Peetz as a defendant, is deemed filed, and Plaintiff's Motion to Remand is, therefore, **GRANTED**. (JS-6)

**IT IS SO ORDERED.**